[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-14236

Non-Argument Calendar

————————————————

DEREKY MARTIN HAGLER,

Plaintiff-Counter Defendant-Appellant,

*versus*

TAMMY RIVERA WILLIAMS,
a.k.a. Tammy Rivera Malphurs,

Defendant-Counter Claimant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-03015-JPB

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Dereky Hagler ("Dereky") appeals the district court's grant of summary judgment in favor of Tammy Rivera Williams ("Malphurs") in Dereky's lawsuit against Malphurs. Upon review of this case, we have determined that we do not have jurisdiction because there is no final judgment. When Dereky filed suit against Malphurs, Malphurs responded by filing counterclaims against her. Shortly thereafter, Dereky's husband Albert filed a separate suit against Malphurs, raising almost identical claims, but Malphurs did not file counterclaims against him. While the district court granted summary judgment to Malphurs on Dereky's claims and denied Dereky's motion for default judgment, it denied Malphurs summary judgment on her counterclaims. Thereafter, it consolidated the two cases and administratively closed Dereky's case. There is nothing in the record indicating the counterclaims which Malphurs filed against Dereky in response to Dereky's complaint against her have been disposed of.

"We have a threshold obligation to ensure that we have jurisdiction to hear an appeal, for without jurisdiction we cannot proceed at all in any cause." *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (internal quotation marks omitted). Federal appellate courts have jurisdiction to review "appeals from all final decisions of the district courts of the United States." 28 U.S.C. §

1291. Typically, a decision is sufficiently final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521–22 (1988). In this case we requested and received supplemental briefing on the jurisdictional issue *sua sponte* identified by the court.

In *Hall v. Hall*, 138 S. Ct. 1118 (2018), the Court held that two cases were independent despite being consolidated under Rule 42(a) and allowed the appeal of the completed one while the other was still pending. There, an inter vivos trust filed against the son for various torts and when the mother/trustee died, her daughter became the trustee. The son then filed counterclaims against his sister in her capacity as a trustee and individually. However, because she was not a party in her individual capacity in the trust case, he had to file a separate action to raise the claims against her in her individual capacity. Thus, the son had counterclaims against the daughter in the trust case and claims against her in her individual capacity in the individual case. After being consolidated, the cases were tried together. Just before trial, the district court dismissed the son's counterclaims against the daughter in the trust case, leaving the daughter's (as trustee) claims against the son as the only claims left in the trust case. While the jury decided against the daughter in both cases, the judge ordered a new trial in the individual case. She appealed the trust case and the Supreme Court held that the cases were separate notwithstanding the consolidation, and there was a final judgment in the trust case that could be appealed. In other words, the Supreme Court held in *Hall*: "when one of several consolidated cases is finally decided, a disappointed

litigant is free to seek review of that decision in the court of appeals." *Id.* at 1131.

As in *Hall*, in the instant appeal, we also have two cases. The first case ("Case #1") is Dereky's complaint against Malphurs, in which Malphurs filed counterclaims against Dereky. Although the district court granted summary judgment in favor of Malphurs on Dereky's claims, Malphurs' counterclaims against Dereky have not been finally resolved.

The second case ("Case #2") is Alfred's separate complaint against Malphurs. Dereky is not a party to this Case #2. The record reveals that Alfred's case is still pending in the district court.

Although as in *Hall*, the two cases in this appeal have been consolidated, the instant case is distinguished from *Hall*. In this case, Dereky is appealing the summary judgment against her in Case #1. However, Malphurs' counterclaims against Dereky are still pending in the district court, and they are part of Dereky's Case #1.[1] This case is not like the situation in Hall—where there were no claims still pending in the district court in the case being appealed.

---

[1] Although the district court here instructed that "future filings in these [consolidated] cases shall occur only in" the case number for Alfred's cases, Doc. 121 at 19, and although the district court administratively closed Case #1, we do not believe that that somehow eliminates from Case #1 Malphurs' counterclaims against Dereky and somehow relocates them in Alfred's Case #2, a case to which Dereky is not even a party.

22-14236              Opinion of the Court                    5

In other words, in the case on appeal, Case #1, there is not a final judgment because Malphurs' counterclaims against Dereky are still pending in the district court.  Accordingly, we do not have appellate jurisdiction.  The appeal is

DISMISSED.